UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ELECTION INTEGRITY FUND, et al.,    )<br>        Plaintiffs,    )<br>        )<br>-v-    )<br>        )<br>CITY OF LANSING and CITY OF FLINT,    )<br>        Defendants.    )<br>        ) | No. 1:20-cv-950<br><br>HON. PAUL L. MALONEY |

### ORDER DENYING MOTION FOR AN INJUNCTION PENDING APPEAL

This matter is before the Court on Plaintiffs' motion for an injunction pending appeal (ECF No. 21). Plaintiffs seek to enjoin the Defendant Cities from accepting and using funds from the Center for Tech and Civic Life ("CTCL") to administer the upcoming election. The Court denied Plaintiffs' request for a temporary restraining order (ECF No. 11) and preliminary injunction (ECF No. 19). Plaintiffs have now appealed those decisions (*see* ECF No. 20). While that appeal is pending, they ask the Court to grant the injunction previously denied.

The Federal Rules of Civil Procedure grant district courts the power to grant or refuse an injunction pending appeal: "While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). In deciding whether to grant an injunction pending appeal, the Court must "engage in the same analysis that it does in reviewing the grant or denial of a motion for

preliminary injunction." *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 572 (6th Cir. 2002).

In denying Plaintiffs' request for a preliminary injunction, the Court concluded that Plaintiffs had failed to show a substantial likelihood of establishing standing because they failed to demonstrate the existence of a cognizable injury in fact. Plaintiffs now argue that if Defendants accept and use the CTCL funds, there is a risk that the election results in Lansing and/or Flint might be invalidated, leaving Plaintiffs without Congressional representation and creating a cognizable injury in fact. This alleged injury remains insufficient to establish standing for two reasons. First, the Court is not aware of any cases holding that the right to be politically represented is a legally cognizable interest under Article III. Second, even if Plaintiffs did allege a cognizable injury, it remains a completely hypothetical injury. Thus, the Court is not persuaded by Plaintiffs' renewed attempts to establish standing.

Plaintiffs have still failed to show a substantial likelihood of establishing standing, and any harm that might befall them is purely hypothetical. The Court concludes that an injunction pending appeal is not necessary, and accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for an injunction pending appeal (ECF No. 21) is **DENIED.**

**IT IS SO ORDERED.**

Date:  October 27, 2020   /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge