UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ELECTION INTEGRITY FUND, et al., )<br>Plaintiffs, )<br>)<br>-v- )<br>)<br>CITY OF LANSING and CITY OF FLINT, )<br>Defendants. )<br>) | No. 1:20-cv-950<br><br>HON. PAUL L. MALONEY |

## ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on Defendants' motion to dismiss Plaintiffs' amended complaint (ECF No. 33). For the reasons to be explained, the motion will be granted.

CTCL is a private non-profit organization that has provided election grants to local governments across the United States (Complaint, ECF No. 1 at ¶ 28). It provided a $440,000 grant to the City of Lansing and a $475,625 grant to the City of Flint (*Id.* at ¶ 63). Plaintiffs Election Integrity Fund and three of its members filed this action against the Cities of Lansing and Flint on September 29, 2020, alleging that the Cities violated federal law when they accepted these grants. Specifically, Plaintiffs alleged that the Cities violated the Constitution, the Help America Vote Act,[1] the National Voters Registration Act,[2] and Michigan Compiled Law § 168.931. The thrust of Plaintiff's initial complaint was the fear that if the Court did not intervene, the election results could be invalidated, which would

---

[1] 52 U.S.C. § 20901, *et seq.*
[2] 52 U.S.C. § 20501, *et seq.*

leave the individual Plaintiffs without congressional representation. Plaintiffs moved for a temporary restraining order to enjoin Defendants from using any of the funds received from CTCL (ECF No. 5), which the Court denied (ECF No. 11). The Court then construed Plaintiffs' motion as one for a preliminary injunction and denied that request as well (ECF No. 19). Plaintiffs sought an injunction pending appeal, which both this Court and the Sixth Circuit denied (ECF Nos. 27, 28).

Then, Plaintiffs filed an amended complaint on November 5, 2020, bringing a narrower set of claims (ECF No. 29). Plaintiffs now allege that Defendants violated I) the "social contract" that exists at the intersection of the First Amendment, the Ninth Amendment, the Elections Clause, and federal common law; and II) the Equal Protection Clause of the Fourteenth Amendment. Defendants have moved to dismiss (ECF No. 33). The Court has determined that oral argument on the motion is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

Defendants first argue that the Court lacks subject matter jurisdiction to hear this case. They bring two arguments under Rule 12(b)(1): mootness and standing. The Court finds both arguments persuasive.

Regarding mootness: Article III of the Constitution restricts the power of federal courts to "Cases" and "Controversies." When the issues presented are no longer live, or when the parties lack a legally cognizable interest in the outcome, a lawsuit presents no case or controversy and becomes moot. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013).

Plaintiffs seek a declaratory judgment that the Cities' acceptance of funds from CTCL was unconstitutional, and they seek an injunction barring Defendants from applying for or

2

accepting CTCL grants in the future. But the election is over: the votes have been cast and counted, and the results of the election have been certified by the State Board of Canvassers. There is nothing that a declaratory judgment could provide to Plaintiffs, so this relief is of no use to Plaintiffs. Further, the requested injunction is wholly rooted in speculation: The Court cannot predict whether CTCL will offer grants for the next election, whether they will offer them to Lansing or Flint, and whether the Cities will accept. Plaintiffs seem to understand this: in their response brief, they ask the Court for an opinion in this case to "ensure the Cities know their limitations as it relates to the breach of the social contract as further explained below and the right inherited by the people through their fundamental right to vote." (ECF No. 35 at PageID.1447). Plaintiffs seek a purely advisory opinion based on a tenuous allegation of some future harm, which is insufficient to create a "case" or "controversy." *See, e.g., Golden v. Zwickler*, 394 U.S. 103, 108 (1969). This case is moot.

Turning to the related issue of standing: To satisfy the "irreducible constitutional minimum of standing" and demonstrate that a case or controversy exists, a plaintiff must establish that he has suffered: 1) a concrete and particularized, actual or imminent injury in fact; 2) a causal connection between the injury and the conduct complained of; and 3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

The Court has twice found that Plaintiffs failed to show a substantial likelihood of establishing standing because they had not demonstrated the existence of a cognizable injury in fact (*see* ECF Nos. 19, 27). In the opinion denying an injunction pending appeal, the Court wrote:

> In denying Plaintiffs' request for a preliminary injunction, the Court concluded that Plaintiffs had failed to show a substantial likelihood of establishing standing because they failed to demonstrate the existence of a cognizable injury in fact. Plaintiffs now argue that if Defendants accept and use the CTCL funds, there is a risk that the election results in Lansing and/or Flint might be invalidated, leaving Plaintiffs without Congressional representation and creating a cognizable injury in fact. This alleged injury remains insufficient to establish standing for two reasons. First, the Court is not aware of any cases holding that the right to be politically represented is a legally cognizable interest under Article III. Second, even if Plaintiffs did allege a cognizable injury, it remains a completely hypothetical injury. Thus, the Court is not persuaded by Plaintiffs' renewed attempts to establish standing.

(ECF No. 27 at PageID.1223). Nothing in Plaintiffs' response brief cures either of these issues. While Plaintiffs' theory of the case has changed—they no longer focus on the invalidation of the election results, but instead focus on the "social contract" and how that was "violated" by CTCL and the Cities—they do not cite any caselaw supporting the conclusion that this is a legally cognizable interest under Article III. Instead, Plaintiff's argument seems to be simply that the law (or their theory of the law) has not been followed. That type of claim is "precisely the kind of undifferentiated, generalized grievance about the conduct of government that [the Supreme Court has] refused to countenance in the past." *Lance v. Coffman*, 549 U.S. 437, 442 (2007) (per curiam). Plaintiffs have not demonstrated that their injury is "concrete" or "particularized," nor have they demonstrated that they have been affected in any personal and individual way. *Lujan*, 504 U.S. at 560-61. And, as noted above, any injury remains completely hypothetical. Plaintiffs have not established an injury sufficient to confer standing, so the Court need not entertain the remaining elements of the standing analysis. The case must be dismissed.

5

The Court notes all of the courts that have considered parallel cases (filed by the same counsel on the same issue) have concluded that these Plaintiffs cannot establish standing. *See Pennsylvania Voters Alliance v. Centre County*, 496 F. Supp. 3d 861, 872 (M.D. Pa. 2020), *aff'd*, Case No. 2020 WL 9260183 (3rd Cir. Nov. 23, 2020); *Texas Voters alliance v. Dallas County*, 495 F. Supp. 3d 441, 456 (E.D. Tex. 2020); *Minnesota Voters Alliance v. City of Minneapolis*, No. 20-2049, 2020 WL 6119937, at *9 (D. Minn. Oct. 16, 2020); *Wisconsin Voters Alliance v. City of Racine*, No. 20-C-1487, 2020 WL 6129510, at *2 (E.D. Wis. Oct. 14, 2020). The Court agrees with and joins these courts.

Because the Court concludes that Plaintiffs have not established standing, the Court need not review Defendants' argument that the case must be dismissed for failure to state a claim under Rule 12(b)(6). Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss (ECF No. 33) is **GRANTED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date:  June 7, 2021                               /s/ Paul L. Maloney  
                                                                Paul L. Maloney  
                                                                United States District Judge